UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 96-80274
                                         Honorable Patrick J. Duggan

LAWRENCE ANDERSON,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 1, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

**Introduction**

In November 2003, a jury convicted Defendant Lawrence Anderson of sixteen counts of aiding and abetting wire fraud, two counts of making false statements to a bank, one count of aiding and abetting bank fraud, one count of conspiracy to launder money, two counts of aiding and abetting money laundering, and one count of making false statements to a federal agency. This Court sentenced Defendant to a prison term of 60 months on September 20, 2007. Prior to sentencing, Defendant and the Government entered into an agreement by which Defendant agreed to testify against his co-defendant Ilene Moses. The Government, in exchange, promised, in part, to not oppose Defendant's transfer to Canada to serve his sentence. Defendant is a Canadian citizen. Presently

before the Court is Defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255, filed August 28, 2008, in which Defendant contends that the Government has breached this agreement by denying his application to transfer to Canadian custody. The Government filed a response to the petition on September 22, 2008.

**Defendant's Petition and the Government's Response**

Sometime after reporting to the United States Bureau of Prisons to serve his sentence, Defendant submitted an application for transfer to Canada. On January 18, 2008, the International Prisoner Transfer Unit ("IPTU") within the Office of Enforcement Operations of the Criminal Division of the United States Department of Justice denied Defendant's request citing "the seriousness of the offense." Defendant sought reconsideration of the decision on two occasions, but each time the IPTU adhered to its original decision.

In his present petition, Defendant argues that the failure to transfer him to Canada to serve his prison sentence results in a longer sentence than he and the Court anticipated when he was sentenced. This is because, pursuant to Canada's parole treatment of prisoners, Defendant would serve approximately one-third of his sentence on full parole if he was transferred to the Canadian prison system. Defendant therefore asks the Court to resentence him or enter an order compelling the United States Department of Justice to transfer him to Canada.

In response, the Government first argues that this Court lacks jurisdiction to decide Defendant's petition. According to the Government, Defendant is challenging the

manner in which his sentence is being executed and not his actual sentence and therefore, the Government maintains, his request should have been brought pursuant to 28 U.S.C. § 2241. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). Section 2241 motions are to be filed in the district court in which the defendant is incarcerated, not the court in which the defendant was convicted and sentenced. *Barrett*, 178 F.3d at 50 n.10; *Robinson v. Morrison*, 27 Fed. App'x 557 (6th Cir. 2001) (citing *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999)).

Alternatively, the Government argues that Defendant's petition must be denied on the merits because the IPTU's denial of Defendant's transfer request does not breach the promise made by the United States Attorney's Office for the Eastern District of Michigan in its agreement with Defendant. The Government argues that a promise by a local United States Attorney's Office in an agreement with a defendant does not bind the entire Department of Justice, including the Office of Enforcement Operations and the IPTU.

**Analysis**

A defendant may attack his conviction and/or sentence pursuant to 28 U.S.C. § 2255 by alleging "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Section 2255 is a proper vehicle for a defendant to claim that the prosecution breached its agreement with the defendant. *See, e.g., Bischel v. United*

*States*, 32 F.3d 259, 264 (7th Cir. 1994); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1994) (holding that a § 2255 motion to vacate, set aside, or correct sentence was a proper vehicle to correct the Bureau of Prison's calculation of the start date of the defendant's concurrent sentence when it ran counter to the start date anticipated in the defendant's plea agreement with the government). Further, Defendant alleges that his sentence is based on an inaccurate factual assumption– i.e. that he would be transferred to Canada to serve his sentence. Section 2255 provides a remedy for a defendant alleging errors of fact occurring at or prior to sentencing.[1] *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (providing that the defendant's "appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing"); *see also United States v. Addonizio*, 442 U.S. 178, 99 S. Ct. 2235 (1979). This Court therefore concludes that it has jurisdiction to address Defendant's request for relief.

This Court, however, denies Defendant's petition on its merits. The Court agrees with the Government that, under the circumstances of this case,[2] the promise(s) it made in its agreement with Defendant did not bind the entire United States Department of Justice. *See, DeBarros v. United States*, 2006 WL 2546492, at *2 (W.D.N.Y. Sept. 1, 2006)

---

[1]As discussed *infra*, however, not all errors of fact provide a basis for collateral attack.

[2]The letter memorializing the agreement refers to "we" not the "Government," the signature block includes only the United States Attorney for the Eastern District of Michigan at the time and the Assistant United States Attorneys in that office assigned to handle Defendant's case, and the agreement appears on letterhead for the United States Attorney's Office for the Eastern District of Michigan. (Def.'s Pet. Ex. 1.)

4

(holding that the promise in a plea agreement between the U.S. Attorney's Office for the Western District of New York and the defendant that the former would not oppose the defendant's transfer request to Canada was not binding on the Department of Justice, Office of Enforcement Operations, which subsequently denied the defendant's transfer request); *see also United States v. Annabi*, 771 F.2d 670, 672 (2d Cir. 1995) ("A plea agreement binds only the Office of the United States Attorney for the district in which the plea agreement is entered unless it affirmatively appears that the agreement contemplates a broader restriction); *United States v. Igbonwa*, 120 F.3d 437, 442-44 (3d Cir. 1997) (holding that a promise made by a United States Attorney's Office relating to deportation does not bind the INS and noting that "[t]o hold otherwise would grant United States Attorneys the power to bind any and every governmental agency under the supervision of the Attorney General through promises made in the plea agreement. . . . [T]his result does not adhere under either statutory law or through application of the ordinary principles of agency law, . . ..)  Thus the Court finds that IPTU's denial of Defendant's request for a transfer did not violate Defendant's agreement with the United States Attorney's Office for the Eastern District of Michigan.

Defendant also requests resentencing, arguing that the Court fashioned its sentence with the expectation that Defendant would be transferred to Canada and thus would be released earlier.  Even if the Court decided upon the length of Defendant's sentence based on an incorrect assumption of fact– i.e. that Defendant would be transferred to Canada– this error of fact is not sufficient to warrant relief under § 2255.  As the Supreme Court

has provided, errors of fact do not provide a basis for collateral attack unless "the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid."³ *Addonizio*, 442 U.S. at 186, 99 S. Ct. at 2241. *Addonizio* is particularly instructive in the present matter because the claimed factual error in that case– the sentencing judge's assumption that the defendant would be released sooner based on then-existing parole policies– is similar to that alleged by Defendant. Based on the Supreme Court's conclusion in *Addonizio* that the claimed error was not "of the 'fundamental' character that renders the entire proceedings irregular and invalid," this Court must reach the same conclusion here.

## Conclusion

For the above reasons, this Court holds that Defendant fails to establish an error in his sentence authorizing the Court to discharge or resentence him pursuant to 28 U.S.C. § 2255. In other words, Defendant does not establish a constitutional violation, that the sentence imposed was outside the statutory limits, or that the proceeding was infected "with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *Addonizio*, 442 U.S. at 186, 99 S. Ct. at 2241.

Accordingly,

---

³Similar limitations apply with respect to claimed errors of law: ". . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Addonizio*, 442 U.S. at 185, 99 S. Ct. at 2240 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962)).

**IT IS ORDERED**, that Defendant's petition to vacate sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Douglas R. Mukoff, Esq.
AUSA Lynn A. Helland
AUSA Ross I. Mackenzie